## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| THE HERSHEY COMPANY and | : |
| HERSHEY CHOCOLATE & | : |
| CONFECTIONERY CORPORATION | : |
| | : Civ. No. _____ |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| MARS, INCORPORATED, | : |
| | : |
| Defendant. | : |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiffs The Hershey Company ("Hershey Company") and Hershey Chocolate & Confectionery Corporation ("Hershey Chocolate") (hereinafter collectively referred to as "Hershey"), for their complaint against defendant Mars, Incorporated ("Mars") for trademark dilution and infringement, false designation of origin and unfair competition, plead and allege as follows:

## NATURE AND BASIS OF THE ACTION

1.     This complaint is brought by Hershey against defendant Mars under the Lanham Act, 15 U.S.C. § 1051 et seq., and state law, seeking preliminary and permanent injunctive relief, profits, damages and other relief relating to defendant's knowing adoption and use of packaging for its DOVE brand peanut

butter and chocolate products that dilutes and infringes the well-known trademarks of Hershey's REESE'S® line of products.

2.      Hershey sells throughout the United States its well known REESE'S products, a line of products that feature peanut butter flavor, often in combination with chocolate, such as the famous REESE'S Peanut Butter Cup, REESE'S PIECES candies, and other REESE'S products. Hershey's REESE'S brand chocolate and peanut butter products have been widely advertised and sold throughout the United States for many years in packaging that features a distinctive orange background color which is the subject of an incontestable federal trademark registration, Reg. No. 2,256,226 (the "REESE'S Orange Mark").   Several REESE'S product line extensions are sold in packaging with a similar orange colored background. Hershey's REESE'S brand chocolate and peanut butter products have also been widely advertised and sold throughout the United States for many years in packaging that features a unique combination of orange, brown and yellow elements, which is the subject of an incontestable federal registration, No. 925,609, for the mark REESE'S MILK CHOCOLATE PEANUT BUTTER CUPS and Design (the "REESE'S Trade Dress").

3.      The REESE'S Orange Mark and the REESE'S Trade Dress are arbitrary, nonfunctional and distinctive. In addition, they have been widely advertised in the United States for decades on television, in print advertising and in

other media, and Hershey has sold billions of dollars of REESE'S products throughout the United States in packaging bearing the REESE'S Orange Mark and the REESE'S Trade Dress. As a result of Hershey's longstanding use and extensive advertising of the REESE'S Orange Mark and the REESE'S Trade Dress, each is famous among consumers and has developed strong secondary meaning among consumers who have come to associate the REESE'S Orange Mark and the REESE'S Trade Dress exclusively with chocolate and peanut butter products, and peanut butter products, emanating from Hershey under the REESE'S brand.

4.      Mars, aware of the REESE'S Orange Mark, the REESE'S Trade Dress and Hershey's line of REESE'S products, has adopted for its DOVE brand chocolate and peanut butter candy products a trade dress featuring a predominantly orange background that is virtually identical in color to the registered orange background color in Hershey's Reg. No. 2,256,226, and that also includes a combination of orange, brown and tan elements.  The adoption of an orange background color and a combination of packaging colors so similar to that of the REESE'S Orange Mark and the REESE'S Trade Dress can only be explained as an attempt intentionally to copy Hershey's trademarks so as dilute their distinctiveness and to trade on Hershey's goodwill and to confuse consumers as to the origin, source or sponsorship of defendant's product.

5.     The use by Mars of an orange background color and a combination of packaging colors that so closely mimic the REESE'S Orange Mark and the REESE'S Trade Dress, in conjunction with its DOVE brand peanut butter and chocolate candy products, dilutes and infringes the REESE'S Orange Mark and the REESE'S Trade Dress and unlawfully trades on and damages the goodwill and reputation Hershey has established through its use and promotion of the REESE'S Orange Mark and the REESE'S Trade Dress. Mars's use of such a similar background color and combination of colors, especially in conjunction with a peanut butter and chocolate candy product, dilutes the distinctive and famous REESE'S Orange Mark and REESE'S Trade Dress. In addition, Mars' infringement of the REESE'S Orange Mark and the REESE'S Trade Dress is likely to cause consumers, purchasers and others to be confused or mistaken into believing that Mars' candy products originate with, are sponsored or approved by, emanate from, or are otherwise associated with, Hershey or the source of the REESE'S products.

6.     Unless such acts of dilution, infringement, unfair competition and false designation of origin are enjoined, Hershey will suffer irreparable injury for which there is no adequate remedy at law.

## THE PARTIES

7.     Hershey Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033. Hershey Company is a major manufacturer and seller of chocolate, confectionery and snack products, including the well-known and very successful line of REESE'S candy products.

8.     Hershey Chocolate is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4860 Robb Street, Wheat Ridge, Colorado 80033. Hershey Chocolate is a wholly-owned subsidiary of Hershey Company and is the owner of the REESE'S Orange Mark and the REESE'S Trade Dress, which Hershey Chocolate has licensed Hershey Company to use.

9.     On information and belief, defendant Mars is a Delaware corporation with its principal place of business at 6885 Elm Street, McLean, Virginia 22101. On information and belief, Mars is engaged in the business of manufacturing, distributing and selling candy products, including the diluting and infringing products that are the subject of these claims.

## JURISDICTION AND VENUE

10.    The Court has subject matter jurisdiction over the trademark dilution, trademark infringement, false designation of origin and unfair competition claims

pursuant to the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b). The Court has subject matter jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

11.     The Court has personal jurisdiction over defendant because, upon information and belief, defendant is present and doing business in the Commonwealth of Pennsylvania, and has shipped and sold the DOVE peanut butter and chocolate products at issue in the Commonwealth of Pennsylvania.

12.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendant is subject to personal jurisdiction in this Judicial District, because a substantial part of the events giving rise to Hershey's claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

**Hershey and Its Famous REESE'S Orange
Mark and Famous REESE'S Trade Dress**

13.     For more than a century, Hershey and its predecessors have been among the leading manufacturers of confectionery items in the United States and worldwide.

14.     Among Hershey's most successful products is the REESE'S line of chocolate and peanut butter candy products, which Hershey manufactures and distributes throughout the United States under the REESE'S Orange Mark and the REESE'S Trade Dress.

15.    For many years, Hershey has marketed its REESE'S peanut butter cup candy with the distinctive and well-recognized REESE'S Orange Mark which features a distinctive orange background, and which is often presented in combination with other elements of orange, brown and yellow which comprise the REESE'S Trade Dress. Additionally, numerous REESE'S product line extensions are sold with the REESE'S Orange Mark and the REESE'S Trade Dress. These line extensions include, among other products, REESE'S® Peanut Butter Cup Miniatures, REESE'S® PIECES® candies, REESE'S WHIPPS®, REESE'S® Crispy Crunchy, REESE'S® FAST BREAK®, REESE'S® Sticks and the REESE'S® BIG CUP, all of which are examples of how Hershey uses its distinctive REESE'S Orange Mark and its distinctive REESE'S Trade Dress on packages to immediately identify these peanut butter products, and chocolate and peanut butter products, as part of the REESE'S family of products.  Many Hershey packages bearing the REESE'S Orange Mark and the REESE'S Trade Dress also include an orange background that features swirls of slightly lighter orange coloring.  (Examples of packaging featuring the REESE'S Orange Mark and the REESE'S Trade Dress are annexed hereto as Exhibit A.)

16.    The distinctive REESE'S orange background color that comprises the REESE'S Orange Mark is itself an arbitrary design element that is nonfunctional and inherently distinctive.  The REESE'S Trade Dress constitutes an arbitrary

combination of arbitrary design elements, the overall appearance and the elements of which are nonfunctional and inherently distinctive.

17.     Hershey Chocolate owns a valid and existing U.S. Trademark Registration, No. 2,256,226, for the REESE'S Orange Mark consisting of an "orange-colored background covering the entirety of the packaging for the goods," approximately equal to Pantone 165C, for "candy and confectionery chips for baking with peanut butter as the characterizing flavor or one of various characterizing flavors." A true and accurate photocopy of the registration certificate for U.S. Registration No. 2,256,226 is annexed hereto as Exhibit B. Hershey Chocolate also owns a valid and existing U.S. Trademark Registration, No. 925,609 for its REESE'S Trade Dress consisting of the mark REESE'S MILK CHOCOLATE PEANUT BUTTER CUPS and Design, with a design consisting of the unique combination of orange, brown and yellow used in Hershey's packaging for "peanut butter cups." A true and accurate photocopy of the registration certificate for U.S. Registration No. 925,609 is annexed hereto as Exhibit C. Both registrations have achieved incontestable status under 15 U.S.C. § 1065.

18.     The REESE'S Orange Mark and the REESE'S Trade Dress have been extensively advertised throughout the United States for decades. Hershey spends millions of dollars for advertising of its REESE'S family of peanut butter products each year, the vast majority of which depicts the REESE'S Orange Mark and the

REESE'S Trade Dress, and sells hundreds of millions of dollars of REESE'S products each year.  For many years, the REESE'S Orange Mark and the REESE'S Trade Dress, and in particular the distinctive orange background, have figured prominently in Hershey's promotion of the REESE'S brand. As early as the 1960s, Hershey used print advertising that alerted consumers to "Look for REESE'S Peanut Butter Cups wherever candy is sold, in the familiar orange wrapper" and to "Look for the bright orange pack." Many of Hershey's print ads for the REESE'S family of products are set against a field of the unique REESE'S orange color used in the REESE'S packaging, with orange, brown and yellow elements. Other advertising and promotional materials for REESE'S products also feature the bright REESE'S orange with elements of orange, brown and yellow.

19.    By virtue of Hershey's substantial use, sales and promotion of its REESE'S products, the REESE'S Orange Mark and the REESE'S Trade Dress have become famous and well known, have become distinctive of Hershey's products, and have come to identify and indicate the source of Hershey's products to consumers and the trade. Hershey has developed for itself and its REESE'S Orange Mark, REESE'S Trade Dress and products substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products.

20.    In light of the distinctiveness of the REESE'S Orange Mark and the REESE'S Trade Dress and the duration and extent of Hershey's sales, marketing and use of this mark throughout the United States, the REESE'S Orange Mark and the REESE'S Trade Dress are distinctive and famous among consumers in the Commonwealth of Pennsylvania and throughout the United States.

**Defendant's Unauthorized Copying of Hershey's**
**REESE'S Orange Mark and REESE'S Trade Dress**

21.    Well after Hershey first began using its REESE'S Orange Mark and the REESE'S Trade Dress for its chocolate and peanut butter candy products, and after those marks had become famous, defendant commenced manufacturing, distributing and marketing chocolates with peanut butter filling, which defendant distributes and sells in a package design with a background color that is virtually identical to the registered REESE'S Orange Mark, and that uses a combination of orange, brown and tan elements that is extremely similar to the REESE'S Trade Dress. (An example of defendant's diluting and infringing trade dress, as used on "Dove peanut butter milk chocolate silky smooth promises," is annexed as Exhibit D hereto.)

22.    In particular, the background orange color adopted by Mars for its candy package depicted in Exhibit D hereto appears to be virtually identical to Pantone 165C, the shade specifically referenced in Hershey's U.S. Registration No. 2,256,226 for its REESE'S Orange Mark.  What is more, the orange background of

defendant's package features swirls of slightly lighter orange coloring, similar to some of Hershey's REESE'S packages.

23.     Defendant's products, chocolate filled with peanut butter, is extremely similar to the REESE'S Peanut Butter Cup product, REESE'S Peanut Butter Cup Miniatures product, and other REESE'S products featuring peanut butter and chocolate.

24.     On information and belief, defendant markets, distributes and sells its peanut butter chocolates with their diluting and infringing packaging in commerce in the United States, including in the Commonwealth of Pennsylvania. On information and belief, defendant sells its diluting and infringing products in retail stores and through other channels of trade, including in retail stores in the Commonwealth of Pennsylvania and within this Judicial District.

**Likelihood of Dilution and Confusion Resulting**
**From Defendant's Unauthorized Use of Hershey's**
**REESE'S Orange Mark and the REESE'S Trade Dress**

25.     Defendant has not now and never has been authorized by Hershey or its affiliates to use its REESE'S Orange Mark or REESE'S Trade Dress or any variation thereof in connection with its products.

26.     On information and belief, defendant's diluting and infringing products are sold in the same or similar stores and channels of trade as Hershey's

REESE'S products. The products are sold for the same use, as a candy snack, and are sold to many of the same retailers and consumers.

27.     Defendant's use of packaging designs similar to the REESE'S Orange Mark and REESE'S Trade Dress is likely to cause dilution of the famous REESE'S Orange Mark and REESE'S Trade Dress, by lessening their capacity to identify and distinguish products marketed and sold by Hershey under those marks.

28.     Defendant's use of package designs confusingly similar to the REESE'S Orange Mark and REESE'S Trade Dress, particularly in conjunction with candy products combining peanut butter and chocolate, also is likely to cause confusion, mistake or deception of purchasers and the consuming public as to the source, origin or sponsorship of defendant's goods. A substantial number of actual and potential purchasers and consumers, upon encountering defendant's products or advertisements bearing defendant's package designs, are likely to mistakenly believe that defendant's goods originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to, Hershey or its REESE'S products.

29.     Defendant's acts are causing and will continue to cause damage and irreparable harm to Hershey and to its valuable reputation and goodwill with purchasers and consumers.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Dilution
### (15 U.S.C. § 1125(c))

30.     Hershey repeats and realleges paragraphs 1 through and including 29 set forth hereinabove as if the same were fully set forth herein.

31.     This claim is for the dilution of trademarks pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

32.     The REESE'S Orange Mark, the orange color registered under U.S. Reg. No. 2,256,226, and the REESE'S Trade Dress, the design registered under U.S. Reg. No. 925,609, are distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(1), and were distinctive and famous prior to the date of defendant's conduct challenged herein.

33.     Defendant's conduct, as described above, is likely to dilute and will dilute the distinctive quality of Hershey's famous REESE'S Orange Mark and its famous REESE'S Trade Dress, as set forth in the preceding paragraph, thereby lessening their capacity to identify and distinguish products marketed and sold by plaintiffs under the REESE'S marks and those registered designs.

34.     To the extent that defendant's products are viewed as being less than satisfactory to consumers, Hershey's business reputation and goodwill and the reputation and goodwill of Hershey's famous REESE'S Orange Mark and its famous REESE'S Trade Dress will be tarnished and injured.

35.    On information and belief, defendant's acts of trademark dilution have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

36.    Defendant's acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation and, unless enjoined, will cause further irreparable injury, for which Hershey has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**<u>Infringement of Federally Registered Marks</u>**
**(15 U.S.C. § 1114(1)(a))**

37.    Hershey repeats and realleges paragraphs 1 through and including 29 set forth hereinabove, as if the same were fully set forth herein.

38.    This claim is for the infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended.

39.    The package designs used by defendant are confusingly similar to, and a colorable imitation of, Hershey's federally registered REESE'S Orange Mark (Reg. No. 2,256,226) and federally registered REESE'S Trade Dress (Reg. No. 925,609), and infringe both registrations. Defendant's unauthorized use of an orange background, as well as a combination of orange, brown and tan elements, is

likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of defendant's products.

40.     On information and belief, defendant's acts of trademark infringement have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

41.     Defendant's willful and deliberate acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, for which Hershey has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**Federal Trademark Infringement, False**
**Designation of Origin and Unfair Competition**
**(15 U.S.C. § 1125(a))**

42.     Hershey repeats and realleges paragraphs 1 through and including 29 set forth hereinabove, as if the same were fully set forth herein.

43.     This claim is for trademark infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     By its unauthorized use of the package designs of its peanut butter and chocolate candy products, defendant has infringed Hershey's REESE'S Orange Mark and REESE'S Trade Dress and its trade dress rights in the packaging of the

REESE'S line of products, falsely designated the origin of their products, and competed unfairly with Hershey, in violation of 15 U.S.C. § 1125(a).

45.     On information and belief, defendant's acts of trademark infringement, false designation of origin and unfair competition have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

46.     Defendant's acts described above have caused injury and damages to Hershey, have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, for which Hershey has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**Trademark Dilution In Violation of**
**Pennsylvania Cons. Stat. Ann. Tit. 54 § 1124**

47.     Plaintiffs repeat and reallege paragraphs 1 through 29 of this Complaint as if fully set forth herein.

48.      This claim is for the dilution of trademarks and injury to business or reputation under Pa. Cons. Stat. Ann. Tit. 54 § 1124.

49.     The REESE'S Orange Mark, REESE'S Trade Dress and the trade dress of the packaging of the REESE'S line of products are famous marks in the Commonwealth of Pennsylvania within the meaning of Pa. Cons. Stat. Ann. Tit. 54

§ 1124, and were famous prior to the date of defendant's adoption and use of a similar design for its products.

50.     Defendant's conduct, as described above, is diluting and will dilute the distinctive quality of the REESE'S Orange Mark, REESE'S Trade Dress and the trade dress of the packaging of the REESE'S line of products, thereby lessening the capacity of those mark to identify and distinguish products marketed and sold by plaintiffs under their marks.

51.     To the extent the defendant's product is viewed as being less than satisfactory to consumers, plaintiffs' business reputation and goodwill and the reputation and goodwill of Hershey's famous marks are being and will be tarnished and injured.

52.     Defendant's acts described above have caused injury and damages to plaintiffs, have caused irreparable injury to plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### Common Law Trademark
### Infringement and Unfair Competition

53.     Plaintiffs repeat and reallege paragraphs 1 through 29 of this Complaint as if fully set forth herein.

54. This claim is for trademark infringement and unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

55. Hershey is the owner of all rights, title and interest in and to the REESE'S Orange Mark, REESE'S Trade Dress and the trade dress of the packaging of the REESE'S line of products.

56. The REESE'S Orange Mark, REESE'S Trade Dress and the trade dress of the packaging of the REESE'S line of products are non-functional and are used by Hershey to distinguish its peanut butter chocolate products from the goods and services of others.

57. The REESE'S Orange Mark, REESE'S Trade Dress and the trade dress of the packaging of the REESE'S line of products are inherently distinctive or, alternatively, have attained secondary meaning among consumers as distinctive indicators of source for Hershey's peanut butter chocolate products.

58. Without Hershey's consent or permission, defendant has used and is using its infringing package design, as described above, in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing consumers and others to mistakenly believe that the goods of defendant are made, sponsored, authorized or otherwise approved by, or are connected with, Hershey, which conduct has injured the goodwill symbolized by the REESE'S Orange Mark,

REESE'S Trade Dress and the trade dress of the packaging of the REESE'S line of products, to Hershey's immediate and irreparable damage.

59.    Defendant's use of its infringing package design, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law of Pennsylvania.

60.    On information and belief, defendant's acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that counterclaim-defendant would not otherwise have made but for its unlawful conduct.

61.    Defendant's acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation and, unless enjoined, will cause further irreparable injury, for which Hershey has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Court enter final judgment and permanent injunctive relief in favor of Hershey against defendant as follows:

A.    Granting preliminary and permanent injunctive relief restraining defendant, its officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or

affiliated with defendant and all those in privity or active concert or participation with any of the foregoing (including without limitation each distributor or reseller of defendant's chocolate and peanut butter candy products described herein), and all those who receive actual notice by personal service or otherwise:

1. from using for any purpose defendant's package designs described herein, the REESE'S Orange Mark, REESE's Trade Dress, any predominantly orange background color dilutive of or confusingly similar to that used in REESE's Orange Mark, any combination of orange, brown, yellow and/or tan packaging or any other trade dress or design dilutive of or confusingly similar to the REESE's Trade Dress in connection with a candy containing or characterized by a peanut butter flavor, including but not limited to use in any media; and

2. from otherwise competing unfairly with Hershey;

B.    Ordering that defendant be adjudged to have violated Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c), Pa. Cons. Stat. Ann. Tit. 54 § 1124, and to have committed acts of trademark infringement and unfair competition in violation of state common law;

C.     Ordering an accounting of all gains, profits, savings and advantages realized by defendant from its aforesaid acts of trademark dilution and infringement, false designation of origin and unfair competition;

D.      Awarding such damages as Hershey shall establish in consequence of defendant's aforesaid acts of trademark dilution and infringement, false designation of origin and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate Hershey for its damages, pursuant to 15 U.S.C. § 1117(a);

E.     Ordering defendant to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendant's acts of trademark dilution and infringement, false designation of origin and unfair competition, the content, nature, form and extent of which is to be approved by Hershey and this Court;

F.     Ordering defendant to recall from all chains of distribution all goods, product packaging, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by defendant of which would violate the injunction herein granted;

G.     Ordering defendant to deliver up for destruction any and all goods, product packaging, promotional materials, advertisements,

commercials and other items in the possession, custody or control of defendant which, if sold, displayed or used, would violate the injunction herein granted, and to revise all web sites to eliminate any content, the display or use of which would violate the injunction herein granted;

H.      Ordering defendant to pay for and cause to be disseminated to each distributor and reseller of defendant's chocolate and chocolate and peanut butter candy product a notice advising said persons of defendant's acts of trademark dilution and infringement, false designation of origin and unfair competition and advising of the issuance and content of the injunction herein granted;

I.      Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendant shall serve upon Hershey within thirty (30) days after service on defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the injunction;

J.       Awarding Hershey its costs and expenses of this action;

K.      Declaring that this is an exceptional case pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of counterclaim-

defendant's acts of trademark dilution and infringement, false advertising and unfair competition, and awarding Hershey its reasonable attorneys' fees; and

L.     Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Hershey hereby demands a trial by jury on all triable issues.

Dated:  November 22, 2010

McNEES WALLACE & NURICK LLC

By:   */s/ Shawn K. Leppo*
      Harvey Freedenberg (PA 23152)
      hfreeden@mwn.com
      Shawn K. Leppo (PA 94569)
      sleppo@mwn.com
      100 Pine Street
      P.O. Box 1166
      Harrisburg, PA 17108-1166
      Telephone: (717) 232-8000
      Facsimile: (717) 237-5300
      *Attorneys for Plaintiffs*

*Of Counsel:*

KAYE SCHOLER LLP
Thomas A. Smart
Paul C. Llewellyn
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-6463